Per Curiam,
The single question presented by this record is whether the stock and scrip dividends declared by the Elgin National Watch Company are to be distributed to the tenants-for life as profits or retained by the trustee as a portion of the capital or corpus of the trust estate. It is not denied that, under the will of Edward A. Turpin, the life-tenants are entitled to the income or profits of this particular stock, nor do I understand it to be disputed that the said dividends were declared out of profits earned by the company. Under these circumstances, the case would appear to come fairly within the rule laid down in Earp’s Ap., 28 Pa. 368, and Moss’ Ap., 83 lb. 264. It was said, in the case last cited: “ Where-a corporation, having actually made profits, proceeds to distribute-such profits among the stockholders, the tenant for life would be-entitled to receive them, and this without regard to the form of the transaction. Equity, which disregards form and grasps the substance, would award the thing distributed, whether stock or moneys, to whomsoever was entitled to the profits. It was urged, however, that the present case does not come within this rule for the reason that the scrip is in the form of an obligation, which might in the-future affect the value of the stock, and perhaps destroy it, and thus-annihilate the capital of the trust fund. I do not understand that the form in which the dividend is declared has any bearing upon the question of the title to such dividend. The scrip dividend is-convertible into stock as soon as the necessary authority to increase-the capital stock of the company can bé obtained, and, had such authority existed at the time, the dividend would doubtless have-been declared in stock. Every dividend, when declared, becomes a liability of the company as soon as it is payable. In this case, the-company distributes scrip and retains the money, or profits earned, which represents it. When converted into stock, if it ever should be, the issue of the new stock will not necessarily impair the value of the old, for the reason that it represents money, not water, and by this increase of cash capital enables the company further to extend its operations.
The decree is affirmed and the appeal dismissed at the costs of the appellants. J. C. S.